IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

X-RAY DIAGNOSTIC AND ULTRASOUND
CONSULTANTS LIMITED, a foreign
corporation,

        Plaintiff,

v.

GENERAL ELECTRIC COMPANY, a foreign;
company, and GE HEALTHCARE, INC., a
foreign corporation,

        Defendants.

_____/

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants General Electric Company and GE Healthcare Inc. (collectively, "GE" or "Defendants") give notice of removing to this district court the civil action styled *X-Ray Diagnostics and Ultrasound Consultants Limited v. General Electric Company et al.,* Case No. 2020-017291-CA-31, filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Action"). In support thereof, Defendants state:

**I.**

**Background**

1.    On August 13, 2020, Plaintiff X-Ray Diagnostic and Ultrasound Consultants Limited ("Plaintiff") filed an eight-count complaint (the "Complaint") against Defendants in the

State Action.  The dispute stems from Plaintiff's purchase of capital medical equipment from GE, for a molecular imaging center and nuclear laboratory located in Kingston, Jamaica.[1]

2. Plaintiff served Defendants with a Summons and copy of the Complaint on September 30, 2020.  The Complaint was the first pleading from which Defendants could ascertain that the case was subject to removal.  28 U.S.C. § 1446(b). Defendants' removal is made within thirty (30) days of service of process, and is therefore timely under 28 U.S.C. § 1446(b).  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)(removal deadline is calculated from date of service).

3. Collectively attached as **Exhibit A** are copies of all process, pleadings, orders, and other papers or exhibits on file in the State Action, including the Complaint and Verified Returns of Service described above. *See* 28 U.S.C. § 1446(a).

4. This Court is the proper district and division because it embraces Miami-Dade County, Florida, where the State Action is pending.  *See* 28 U.S.C. §§ 1441 and 1446(a).  The contractual agreements attached to Plaintiff's Complaint likewise mandate that litigation take place in Miami-Dade County, Florida.  *See* Cplt., Ex. A.

5. A copy of this Notice of Removal, together with all exhibits, has been served on Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).  The appropriate Notice of Filing Notice of Removal has also been filed with the Clerk in the State Court.  A copy of Defendants' Notice of Filing Notice of Removal is attached as **Exhibit B.**

6. As shown below, the State Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1332, because there is complete diversity of citizenship between the

---

[1] GE denies the material allegations in Plaintiff's Complaint, denies the existence of the duties alleged, denies that Plaintiff can state any cause of action against GE upon which relief may be granted, and further denies any liability to Plaintiff whatsoever.

parties, and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

## II.

## Relevant Complaint Allegations

7. Plaintiff took steps to construct a molecular imaging center and nuclear laboratory in Kingston, Jamaica (the "Laboratory"). Plaintiff contracted with GE to purchase certain items of capital medical equipment required for the Laboratory. Cplt. ¶¶ 7, 11, 13, 15.

8. The project required the design and construction of a custom built facility to house the Laboratory and the equipment that Plaintiff purchased from GE (the "Project"). *Id.* ¶ 14. One of the primary items of equipment for the Laboratory is a "Cyclotron," which is used to produce radioactive isotopes that, when introduced into the human body can reveal various abnormalities through the use of PET/CT technology. *Id.* ¶¶ 15, 17.

9. In addition to selling and financing equipment for the Laboratory, Plaintiff appears to allege that GE effectively served as a design consultant, engineer, and/or general contractor in connection with the Project and Laboratory construction.[2] According to Plaintiff:

  (i) GE undertook to "supervise the entire Project through completion;"

  (ii) that GE would "hire all and supervise all necessary contractors and suppliers to ensure that the Project was completed properly and within the specified time period;"

  (iii) that apart from merely selling and installing the equipment, GE was "responsible for the HVAC component of the Laboratory build out;"

---

[2] These allegations are belied by the purchase and finance agreements attached to Plaintiff's Complaint.

>  (iv)   that GE "'agreed' to undertake the Project and construction of the Laboratory;"
>
>  (v)   that GE "accepted the responsibility to complete the Project and build and furnish/supply the Laboratory consistent with all governing standards and specifications;" and
>
>  (vi)   that "GE accepted the responsibility to design, construct, and install the custom flooring for the Cyclotron," among other things.  *Id.* ¶¶ 28, 30, 32, 35, 51.

10.   According to Plaintiff, "GE was to supply and install the quality control component of the Laboratory, and certify that the installation and commissioning of the Laboratory was completed to the requisite commercial standard with all its components including certification that the Laboratory met all specifications of the International Atomic Energy Agency ("IAEA") and all other relevant local and international standards."  *Id.* ¶ 23.

11.   Plaintiff further alleges that GE "undertook to provide equipment as well as installation and commissioning services in respect to the heating ventilation, and air conditioning ('HVAC') for the Laboratory."  *Id.* ¶ 24.

12.   Plaintiff avers that GE breached certain warranties associated with the equipment sold to Plaintiff; and breached common law duties of reasonable care in connection with the Project, and the HVAC system in particular, which prevented the Laboratory from obtaining the necessary certifications and permits to operate.

13.   Plaintiff alleges further that GE's breaches have caused it suffer damages, including "compensatory damages" and "loss of profits" since March of 2017, when the Laboratory was expected to open.  *Id.* ¶¶ 36-47, 64, 71-73.  *See also* Prayers for Relief on all counts.  Plaintiff alleges further that GE's negligence caused the Cyclotron to be damaged by

humidity, and that GE sold Plaintiff a "Picture Archiving and Communications System" (PACS) that was not commercially operable at the time it was sold." *Id.* ¶¶ 44, 120.

14. Plaintiff brings eight causes of action against GE in its Complaint: (i) Negligence (General Electric Company); (ii) Negligence (GE Healthcare); (iii) Breach of Warranty (General Electric Company); (iv) Breach of Warranty (GE Healthcare); (v) Breach of Contract (General Electric Company); (vi) Breach of Contract (GE Healthcare); (vii) Unjust Enrichment (General Electric Company); and (viii) Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). *Id.*, pp. 13-23. Plaintiff seeks a broad variety of damages in connection with these claims, including contract damages, "compensatory damages," damages for breaches of warranty on the equipment, "loss of profits" and other unspecified consequential damages. *See, e.g.*, *id.*, Ex. A, Cl. 10.

### A. The Court Has Original Subject Matter Jurisdiction Based on Diversity.

15. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Two requirements exist for diversity jurisdiction: (i) complete diversity of citizenship between the plaintiff and defendants; and (ii) the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *AAA Abachman Enters., Inc. v. Stanley Steemer Int'l., Inc.*, 268 Fed. Appx. 864, 866 (11th Cir. 2008). Here, both requirements are easily met.

### B. Complete Diversity of Citizenship is Present.

16. Complete diversity of citizenship is present in this action. *Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, at *1 (S.D. Fla. Jan. 11, 2012) ("Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."). Here, complete diversity exists because the Plaintiff is diverse from both of the GE Defendants:

(a) Plaintiff, X-Ray Diagnostic and Ultrasound Consultants Limited, is a foreign corporation organized under the laws of Jamaica. Cplt. ¶ 1;

(b) Defendant, General Electric Company, is a corporation incorporated in New York with its principal place of business located in Massachusetts. *Id.* ¶ 2; 28 U.S.C. § 1332(c)(1)(providing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); **Exhibit C**, GEC Decl. ¶ 3.

(c) Defendant, GE Healthcare, Inc., is a corporation incorporated in Delaware with its principal place of business located in Massachusetts. Cplt. ¶ 3; **Exhibit D**, GEHC Decl. ¶ 3.

17. Accordingly, because both of the GE Defendants are completely diverse from the Plaintiff, complete diversity of citizenship exists for purposes of 28 U.S.C. § 1332(a).

**C.  The Amount in Controversy Requirement is Satisfied.**

18. It is likewise apparent from the Complaint that the amount in controversy significantly exceeds the Court's $75,000 jurisdictional threshold, exclusive of interest and costs. As a threshold matter, Plaintiff avers that "[t]he dispute giving rise to this action relates to an obligation arising out of a transaction involving, in the aggregate, more than $250,000.00." Cplt. ¶ 9. The jurisdictional amount in controversy threshold is satisfied based on this allegation alone.

19. Additionally, the capital medical equipment for the Project and the Laboratory was allegedly purchased by Plaintiff from GE for $2,986,800. *Id.* ¶¶ 17, 44. According to Plaintiff, this equipment was rendered useless by Defendants' alleged negligence, breaches of warranty, breaches of contract, and deceptive trade practices. For example, Plaintiff alleges that

GE breached warranties relating to the alleged "failure to warn;" failure "to timely complete the Project and Laboratory;" failure to "adequately test, manufacture, inspect… and instruct" Plaintiff regarding the use of the Laboratory, and ensuring that the equipment was "operational and fit for the particular purpose of the Laboratory." *Id.* ¶¶ 88-92.

20. As noted, Plaintiff also alleges that GE's negligence and breaches have prevented the Laboratory from opening since March of 2017. *Id.* ¶ 36. As a result, and among other forms of damages, Plaintiff seeks to recover "loss of profits" for this ongoing period. According to X-Ray, "[s]ince 1981… it has been a "recognized major provider of diagnostic radiology services to Jamaica and the Caribbean region." *Id.* ¶ 11. Thus, even in the absence of Plaintiff's above numerical allegations regarding the amounts in controversy, common sense and reasonable inference dictates that lost profits for a large molecular imaging center and nuclear Laboratory, which provides diagnostic radiology services to medical patients, would exceed a mere $75,000.00 over a three and a half year period. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation-- provided of course that removal is procedurally proper."); *see also Leon v. First Liberty Ins. Corp.*, 903 F. Supp. 2d 1319, 1322 (M.D. Fla. 2012)("district courts are permitted to make 'reasonable deductions' and 'reasonable inferences,' and need not 'suspend reality or shelve common sense in determining whether the face of a complaint... establishes the jurisdictional amount…' Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements") (*citing Roe v. Michelin N. Am., Inc.,* 613 F. 3d 1058, 1062-63 (11th Cir. 2010)). The equipment for the Project

alone involved transactions totaling nearly $3 million dollars. According to Plaintiff, the various items of medical equipment have been rendered useless, damaged, and/or commercially unfit for its intended purpose due to the GE Defendants' breaches and negligence.[3]

21. However, the Court need not infer the extent of economic damages sought by Plaintiff in connection with its inability to operate Laboratory, because Plaintiff filed an earlier action in Jamaica against the engineers and contractors Plaintiff retained to design and construct the same Laboratory at issue in the instant action. In the Jamaican proceeding, Plaintiff's expert submitted a damages report on behalf of Plaintiff, in which he quantifies alleged damages in excess of US$2 million in connection with Plaintiff's ongoing inability to operate the Laboratory. *See* **Exhibit E**.

22. Accordingly, and based on the above allegations, evidence, and other information, it is clear that the amount in controversy in this case significantly exceeds this court's $75,000.00 jurisdictional threshold for diversity jurisdiction. *See Pretka*, 608 F.3d at 755.

      **C.**    **All Other Procedural Requisites for Removal are Satisfied:**

23. None of the exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 apply.

24. GE has complied with 28 U.S.C. §§ 1446(a)-(d).

25. This Notice of Removal is executed pursuant to Fed. R. Civ. P. 11.

26. Contemporaneously with this filing, and pursuant to 28 U.S.C. §1446(d), a notice of filing this notice of removal, with a copy attached, has been filed with the clerk of the Circuit

---

[3] Again, the GE Defendants strongly deny Plaintiff's allegations, and further deny any liability to Plaintiff whatsoever.

Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and served upon Plaintiff.[4]

## III.

## Conclusion

For all the foregoing reasons and authority, the GE Defendants hereby effectuate the removal of Plaintiff's State Action to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and request that the Court assume and retain jurisdiction for all further proceedings in this matter.

Respectfully Submitted,

**REED SMITH LLP**
*Counsel for Defendants General Electric Company and GE Healthcare Inc.*

1001 Brickell Bay Drive
9th Floor
Miami, FL 33131
Phone: 786.747.0203
Fax: 786.747.0299

/s/ *Jay Thornton*
Jay Thornton
Florida Bar No. 323070
*jthornton@reedsmith.com*
Sujey Herrera
Florida Bar No. 92445
*sherrera@reedsmith.com*

---

[4] By this Notice of Removal, Defendants do not waive any procedural objections or defenses it may have to Plaintiff's Complaint. Defendants intend no admission of fact, law, or liability through this Notice of Removal, and Defendants deny all such liability and reserve all affirmative and other defenses, motions, and pleas.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that a true and correct copy of the foregoing was served this date via email and U.S. Mail upon counsel of record for Plaintiff.

*/s/ Jay Thornton*
Reed Smith LLP