UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24492-CIV-GAYLES/TORRES

X-RAY DIAGNOSTIC AND
ULTRASOUND CONSULTANTS
LIMITED,

          **Plaintiff,**

v.

GENERAL ELECTRIC COMPANY and
GE HEALTHCARE, INC.,

          **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on General Electric Company and GE Healthcare, Inc.'s ("Defendants") Amended Motion to Dismiss Complaint and to Strike Plaintiff's Improper Damages Claims and Jury Demand (the "Motion"). [ECF No. 8]. The action was referred to Magistrate Judge Edwin G. Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 7]. On February 4, 2020, Judge Torres issued his report recommending that the Motion be granted in part and denied in part (the "Report"). [ECF No. 21]. In particular, Judge Torres recommended that the Court dismiss Counts III through VI without prejudice, dismiss Count VII with prejudice, and strike Plaintiff's jury demand and request for damages that are precluded by the parties' International Financed Sales Agreement ("IFSA"). Plaintiff has objected only to the Report's recommendations that the Court strike Plaintiff's demand for a jury trial and request for

damages that are precluded by the IFSA. [ECF No. 23]. Defendants have responded to Plaintiff's objections, [ECF No. 24], but have not objected to the Report.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court has conducted a *de novo* review of the record and the law and agrees with Judge Torres's well-reasoned analysis and recommendation. With respect to Plaintiff's demand for a jury trial, the IFSA provides that "each party . . . waives any right to a trial by jury on any claim . . . arising under or in any way related to this agreement, and under any theory of law or equity . . ." [ECF No. 1-1, Ex. A, ¶ 14.5]. While Plaintiff's claim for breach of contract will be dismissed, Plaintiff's other claims are still related to the IFSA. Therefore, Plaintiff agreed to waive its right to a trial by jury. Similarly, in executing the IFSA, Plaintiff agreed that its available remedies in the event of a dispute would not include "any special, consequential, incidental, or penal damages including but not limited to, loss of profit or revenue . . . ." *Id.* at ¶ 10. The Court finds this to be an enforceable provision that is applicable to all of Plaintiff's claims. Accordingly, to the extent Plaintiff seeks damages precluded by the IFSA, those requests are stricken.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)  Judge Torres's Report and Recommendation [ECF No. 21] is **ADOPTED in FULL**;

(2)  Defendants' Amended Motion to Dismiss Complaint and to Strike Plaintiff's Improper Damages Claims and Jury Demand [ECF No. 8] is **GRANTED in part** and **DENIED in part** as follows:

   a. Counts III, IV, V, and VI are **DISMISSED without prejudice**.

   b. Count VII is **DISMISSED with prejudice.**

   c. Plaintiff's jury demand and request for damages precluded by the IFSA are stricken.

(3)  Plaintiff shall file an Amended Complaint within ten (10) days of the entry of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of April, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE