UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24492-CIV-GAYLES/TORRES

X-RAY DIAGNOSTIC AND
ULTRASOUND CONSULTANTS
LIMITED,

        **Plaintiff,**

v.

GENERAL ELECTRIC COMPANY and
GE HEALTHCARE, INC.,

        **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on General Electric Company and GE Healthcare, Inc.'s ("Defendants") Objections to Magistrate Judge Torres' September 22, 2023 Order Regarding Enforcement of Settlement. (the "Objections"). [ECF No. 100]. The Court has reviewed the Objections and the record and is otherwise fully advised. As set forth below, the Objections are overruled.

On December 16, 2022, Defendants filed a Motion to Enforce Settlement Agreement, or in the Alternative to Dismiss This Action with Prejudice Under Rule 41 (the "Motion to Enforce"). [ECF No. 74]. On November 9, 2020, the Court referred all pretrial matters to Chief Magistrate Judge Edwin G. Torres. [ECF No. 7]. On September 22, 2023, Judge Torres issued an order denying the Motion to Enforce (the "Order"). [ECF No. 98]. In particular, Judge Torres found that Defendants had not met their burden to establish that there was a meeting on the minds on all

essential terms of the settlement.[1] Defendants have objected to the Report arguing that (1) Judge Torres was required to enter a Report and Recommendation; (2) the Order failed to view the Parties' objective intent in reviewing their July 1, 2022, email settlement agreement; and (3) the Parties had an enforceable settlement agreement. [ECF No. 100].

Pursuant to Federal Rule of Civil Procedure 72(a), a district court reviews a magistrate judge's order on a non-dispositive matter under a "clearly erroneous or [] contrary to law" standard. Fed. R. Civ. P. 72(a). "Clear error is a highly deferential standard of review" and a finding of clear error is only appropriate "if the district court 'is left with the definite and firm conviction that a mistake has been committed.'" *Bradford Emergency Group, LLC. v. Blue Cross and Blue Shield of Florida, Inc.*, No. 21-62139, 2022 WL 4545177, at *1 (S.D. Fla. Sep. 29, 2022) (quoting *Holton v. City of Thomasville School Dist.*, 425 F.3d 1325, 1351 (11th Cir. 2005)). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id*. (internal quotation omitted). "The standard for overturning a Magistrate Judge's Order is a very difficult one to meet." *Id.* (internal quotation omitted). Moreover, under Southern District of Florida Local Magistrate Judge Rule 4(a)(1), a "District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule." S.D. Fla. L.R. 4(a)(1).

The Court has reviewed the Order and finds that it is not clearly erroneous or contrary to law.[2] Moreover, the Court does not find a basis to *sua sponte* reconsider Judge Torres's well-reasoned findings of fact or conclusions of law. Accordingly, it is

---

[1] Judge Torres also denied Defendants' motion for Rule 11 sanctions against Plaintiff and its former counsel. [ECF No. 98].

[2] The Court finds that Judge Torres was not required to issue a Report and Recommendation on the Motion to Enforce. However, even conducting a *de novo* review, the Court would still agree with Judge Torres's well-reasoned analysis and findings.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)   General Electric Company and GE Healthcare, Inc.'s Objections to Magistrate Judge Torres' September 22, 2023 Order Regarding Enforcement of Settlement are **OVERRULED**.

(2)   On or before February 20, 2024, the parties shall file an amended joint proposed scheduling order.

(3)   This case is **REOPENED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of February, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE