UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24492-CIV-GAYLES/TORRES

X-RAY DIAGNOSTIC AND
ULTRASOUND CONSULTANTS
LIMITED,

        **Plaintiff,**

v.

GENERAL ELECTRIC COMPANY and
GE HEALTHCARE, INC.,

        **Defendants.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on General Electric Company ("GE") and GE Healthcare, Inc.'s ("GE Healthcare") (collectively "Defendants") Motion for Summary Judgment ("Defendants' Motion"), [ECF No. 143], and Plaintiff X-Ray Diagnostic and Ultrasound Consultants Limited's Motion for Partial Summary Judgment ("Plaintiff's Motion"), [ECF No. 146]. The action was referred to Magistrate Judge Edwin G. Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 7]. On November 27, 2024, Judge Torres issued his report recommending that Defendants' Motion be granted in part and denied in part and Plaintiff's Motion be denied (the "Report"). [ECF No. 180]. Plaintiff and Defendants have timely objected to the Report. [ECF Nos. 183, 184]

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which

objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his Report, Judge Torres recommended that the Court grant summary judgment in favor of Defendants on the bulk of Plaintiff's negligence claims (sub-paragraphs (a)-(d), (g), (h), (j)-(m), (p) and (q) of Counts I and II), the entirety of Plaintiff's breach of warranty claims (Counts IV and V), and the majority of Plaintiff's breach of contract claims (Counts VI and VII). In addition, he recommended that the Court deny Plaintiff's Motion for Partial Summary Judgment and deny limited portions of Defendants' Motion for Summary Judgment such that the following claims from Plaintiff's Second Amended Complaint, [ECF No. 32], proceed to a bench trial:

- Counts I & II (Negligence). Defendants allegedly breached their duty to Plaintiff by: (1) failing to procure specialized equipment such as, but not limited to, the specialized custom air compressor and specialized gases required for the Laboratory (sub-paragraphs e & n) and (2) failing to choose and install an adequate and sufficient epoxy for the custom flooring, resulting in the ultimate removal of and inability to install the Cyclotron for several additional months extending the Completion of the Project (sub-paragraphs f & o). In addition, GE Healthcare allegedly failed to inform Plaintiff that the Equipment could not function properly on the 220-volt system, but instead collaborated with GE in order to attempt a temporary fix by instructing the electrical contractors to make changes to the

electrical system in the Laboratory in a failed attempt to have the voltage reduced from 220-volt to 208-volt (sub-paragraph r).

- Counts VI and VII (Breach of Contract) only to the extent that Plaintiff alleges that Defendants breached the parties' contract by failing to provide complete PET/CT training.

[ECF No. 180].

The Court has conducted a *de novo* review of the record, including the parties' objections, and the law and agrees with Judge Torres's well-reasoned analysis and recommendations.[1] Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Torres's Report and Recommendation [ECF No. 180] is **ADOPTED in FULL**;

(2) Defendants' Motion for Summary Judgment, [ECF No. 143], is **GRANTED**

   a. as to sub-paragraphs (a), (b), (c), (d), (g), (h), (j), (k), (l), (m), (p), and (q) of Counts I and II Plaintiff's Second Amended Complaint;

   b. as to Counts IV and V of Plaintiff's Second Amended Complaint;

   c. as to Counts VI and VII of Plaintiff's Second Amended Complaint to the extent that Plaintiff alleges that Defendants breached the parties' contracts by failing to provide training in Sweden.

(3) Defendants' Motion for Summary Judgment, [ECF No. 143], is **DENIED**

   a. as to sub-paragraphs (e), (f), (i), (n), (o), and (r) of Counts I and II of Plaintiff's Second Amended Complaint, [ECF No. 32]; and

---

[1] One of Defendants' primary objections to the Report is that Judge Torres erred in finding that an expert testimony on causation of damages was not required for the remaining negligence and breach of contract claims. While the Court agrees with the Report's findings and recommendations, it notes that, at trial, it is Plaintiff's burden to prove causation and damages—a tall, but not necessarily impossible, feat without expert testimony.

      b. as to Counts VI and VII of Plaintiff's Second Amended Complaint to the extent that Plaintiff alleges that Defendants breached the parties' contracts by failing to provide complete PET/CT training.

(4) Plaintiff's Motion for Partial Summary Judgment is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of January, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE