UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-24492-GAYLES/TORRES

X-RAY DIAGNOSTICS AND ULTRASOUND
CONSULTANTS LIMITED,

      Plaintiff,

v.

GENERAL ELECTRIC COMPANY,
*et al.*,

      Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION IN LIMINE

This cause comes before the Court on Defendants' (collectively, "GE") Motion *in Limine* against Plaintiff ("X-Ray"). [D.E. 173]. X-Ray timely responded to the Motion [D.E. 174], to which GE timely replied. [D.E. 177]. The Motion, therefore, is ripe for disposition.[1] After careful review of the briefing, record, and relevant authorities, and for the reasons set forth below, GE's Motion is **GRANTED in part** and **DENIED in part**.

---

[1] On November 9, 2020, the Honorable Darrin P. Gayles referred all pretrial matters to the Undersigned Magistrate Judge for disposition. [D.E. 7].

## I.   BACKGROUND

In the pending Motion, GE seeks to prevent X-Ray from making certain arguments and presenting certain evidence at the parties' upcoming bench trial. Specifically, GE seeks to exclude X-Ray from advancing claims and theories that, according to GE, X-Ray failed to raise in its pleadings and/or have otherwise been dismissed.

Specifically, GE seeks to exclude X-Ray from advancing arguments related to the following:

- Allegations that GEHC failed to provide "accurate, detailed specifications and ultimately confirm that the air temperature and humidity requirements necessary for the function of the laboratory and installation of the equipment were obtained";
- Allegations that "Defendants have breached the Agreement by failing to confirm that the requirements outlined in the various site readiness checklists had been achieved" prior to installation;
- Allegations that GEHC "undertook to provide guidance with respect to emission rates for fluorine and ammonia" and "types of certifications required for the laboratory commissioned";
- Allegations that the "second failed attempt at installing the second epoxy flooring resulted in additional depressions and defects in the floor"; and
- Allegations relating to alleged issues with the equipment that were not identified in the Operative Complaint.

## II.   ANALYSIS

For several of the arguments GE seeks to exclude, the Court has granted summary judgment in favor of GE. Specifically, the Court granted summary judgment in GE's favor as to the following relevant arguments:

- Allegations that "Defendants have breached the Agreement by failing to confirm that the requirements outlined in the various site readiness checklists had been achieved" prior to installation; and
- Allegations that GEHC "undertook to provide guidance with respect to emission rates for fluorine and ammonia" and "types of certifications required for the laboratory commissioned".

As to these two arguments, then, we grant GE's Motion. Specifically, we agree with GE that X-Ray is not permitted to advance the merits of these two arguments at trial because the claims/arguments have been fully adjudicated at summary judgment.[2] *See Nextplat Corp. v. Seifert*, No. 1:21-CV-22436, 2024 WL 4236077, at *2 (S.D. Fla. Sept. 19, 2024) ("On balance, we recognize the principle that Nextplat (and also Mr. Seifert) is not permitted to argue or present evidence of claims that is relevant only to dismissed claims. Thus, to the extent that Mr. Seifert seeks to exclude evidence and argument that supports only dismissed claims, his motion is granted."); *Andazola v. Logan's Roadhouse, Inc.,* No. CV-10-S-316-NW, 2013 WL 1834308, at *8 (N.D. Ala. Apr. 29, 2013) (granting motion in limine to exclude evidence and argument that is relevant only to plaintiff's dismissed claims).

---

[2] There may certainly exist underlying facts relevant to these dismissed arguments that remain relevant to other of X-Ray's surviving arguments. Thus, while X-Ray cannot per se advance the dismissed arguments at trial, X-Ray can use the facts and evidence underlying those dismissed claims insofar as they are otherwise admissible and probative to X-Ray's surviving arguments. *See State Farm Mut. Auto. Ins. Co. v. Complete Care Centers, LLC*, No. 6:20-CV-1240-WWB-EJK, 2023 WL 4854725, at *4 (M.D. Fla. Jan. 10, 2023) ("Because … the counterclaims were in fact dismissed … the Court finds that any attempts to litigate the merits of those claims are properly excluded. Nevertheless, to the extent Plaintiffs are seeking the exclusion of the underlying factual allegations, the Court agrees that they have failed to … establish that the facts are inadmissible on all grounds.").

3

Conversely, the Court has denied GE's motion for summary judgment on some of the other arguments that GE seeks to exclude in limine. Namely, summary judgment was denied as to the following arguments:

- Allegations that GEHC failed to provide "accurate, detailed specifications and ultimately confirm that the air temperature and humidity requirements necessary for the function of the laboratory and installation of the equipment were obtained"; and
- Allegations that the "second failed attempt at installing the second epoxy flooring resulted in additional depressions and defects in the floor."

Because these two claims/arguments remain pending, X-Ray of course is entitled to advance these arguments appropriately at trial. On this score, then, GE's Motion is denied.

Lastly, GE seeks to exclude "[a]llegations relating to alleged issues with the equipment that were not identified in the Operative Complaint." But this request is simply too broad to be awarded as in limine relief; the Court cannot exclude hypothetical arguments without first knowing the particular argument and its context. The more appropriate recourse for GE would be to object at the bench trial if they perceive X-Ray as advancing an argument that X-Ray failed to plead. Thus, as to this request, GE's Motion is denied. *See Doe v. Miami Gardens Square One, Inc.*, No. 23-CV-23497, 2025 WL 246253, at *4 (S.D. Fla. Jan. 20, 2025) (quoting *Sec. & Exch. Comm'n v. MintBroker Int'l, Ltd.*, No. 21-CV-21079, 2024 WL 2292470, at *20 (S.D. Fla. May 21, 2024)) ("Motions in limine that are broad, vague, and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are due to be denied, as the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is clearly inadmissible

4

on all potential grounds and could irretrievably impact the fairness of the trial.");

*Whidden v. Roberts*, 334 F.R.D. 321, 323 (N.D. Fla. 2020) (quoting *Sperberg v. The Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("When confronted with a broad motion in limine, [ ] the 'better practice is to deal with questions of admissibility of evidence as they arise' during the trial.").

### III.   CONCLUSION

For the reasons set forth above, Defendants' Motion in Limine [D.E. 173] is **GRANTED in part** and **DENIED in part**.

X-Ray may not advance argument at trial as to the merits of the two below claims, because summary judgment has been granted against these claims in X-Ray's favor:

- Allegations that "Defendants have breached the Agreement by failing to confirm that the requirements outlined in the various site readiness checklists had been achieved" prior to installation; and
- Allegations that GEHC "undertook to provide guidance with respect to emission rates for fluorine and ammonia" and "types of certifications required for the laboratory commissioned".

X-Ray may still, however, use facts and evidence underlying those two claims, insofar as those facts and evidence are otherwise admissible and probative to other of X-Ray's surviving claims. If X-Ray seeks to improperly use those facts and evidence, GE is of course permitted to object at trial appropriately.

The remainder of X-Ray's Motion is denied without prejudice; if GE perceives at trial that X-Ray is advancing any improper arguments or claims, GE can object accordingly.

**DONE and ORDERED** in Chambers in Miami, Florida this 13th day of February, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge